IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAIME LYNN HOLMES,** | : | **CIVIL ACTION NO. 1:10-CV-070** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **METROPOLITAN LIFE INSURANCE COMPANY,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

AND NOW, this 17th day of October, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 37), recommending that defendant's motion for summary judgment (Doc. 26) be denied and that plaintiff's motion for summary judgment (Doc. 29) be granted and, following an independent review of the record and noting that defendant filed objections[1] to the report on August 29, 2011 (Doc. 38), and the Court finding Judge Methvin's analysis to be thorough and well-reasoned, and the court finding defendant's objections[2] to be without

---

[1] Defendant Arnold Transportation Services, Inc., has moved to strike plaintiff's pro se objections (Doc. 83) on the grounds that they fail to comply with Local Rule 72.3 and that they argue facts not of record. To the extent plaintiff's pro se objections rely on unsworn statements and newly identified documents, defendant Arnold's motion to strike is granted. Simply stated, these pro se objections are based upon extra record assertions and, therefore, fail to comply with Local Rule 56.1 and Fed. R. Civ. P. 56. Nonetheless, in the exercise of caution, the Court has reviewed the remaining pro se objections in context and finds them to be without merit. See note 2 infra.

[2] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires

merit and squarely addressed by Judge Methvin's report (Doc. 37), with the sole exception of the applicability of the Plan's 24 month limitation, and the Court finding that this issue should be remanded to Metropolitan Life Insurance Company ("MetLife" to consider, inter alia, the documentation set forth in footnotes 98 and 99 of the Magistrate's report, it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Methvin (Doc. 37) are ADOPTED in part.

2. Defendant's motion for summary judgment (Doc. 26) is DENIED.

3. Plaintiff's motion for summary judgment (Doc. 29) is GRANTED with respect to eligibility for long-term disability benefits effective April 13, 2008. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff on this claim. The issue of the Plan's 24 month limitation is hereby REMANDED to MetLife for further review.

4. The Clerk of Court is directed to CLOSE this matter.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).